IN THE MATTER OF THE PETITION OF STEPHEN A. ROBERTS, APPELLANT, FOR A PEREMPTORY WRIT OF MANDAMUS, *v.* EDWARD W. HATCH, RESPONDENT.

*Game laws — power of the game protectors to bring actions — right of, to receive a share of the surplus of moneys recovered — 1880, chap. 591, as amended by chap. 317 of 1883 — duty of the district attorney to give a certificate.*

Section 1 of chapter 591 of 1880, as amended by chapter 317 of 1883, authorizes the governor to appoint game and fish protectors, to enforce the statute for the preservation of game, and to bring or cause to be brought actions to recover penalties, and directs that " such actions may be brought in the name of the people, in the like cases, in the same courts, and under the same circumstances as they might now or may hereafter be brought by any individual, under or by virtue of any existing, or hereafter enacted, statutes for the protection of deer, game and fish, or any of them." The act then directs that the district attorney of any county shall, at the request of any of such protectors, bring actions in the name of the people, to recover penalties for a violation of the game laws, and that witness and other fees and disbursements, and full costs, without regard to the amount of the recovery, shall be included in the judgment.

It further directs that all money necessary for witness fees and disbursements shall be advanced by the county treasurer, and that all moneys recovered, except costs, which are to belong to the district attorney, shall be paid to the county treasurer; one-half of the said moneys, after deducting all outlays or expenses made by the county, to be paid into the State treasury, and the remaining one-half of all such moneys, over and above the amount necessary to reimburse the county for any outlays or expenses paid out by the county treasurer under this act, shall be paid to and belong to the game and fish protector who brings, or causes to be brought, the action or proceeding in which such fine or penalty shall be recovered, and shall be paid to him by the county treasurer, within thirty days after the same shall be received by said county treasurer from the district attorney, upon the certificate of the district attorney that such action or proceeding was brought, or caused to be brought, by such fish and game protector.

Upon an appeal from an order denying a motion made by the relator, a game protector, for a writ of *mandamus* compelling a district attorney to sign a certificate, as required by the said act:

*Held,* that the act did not relate to criminal proceedings commenced by indictments, as no authority to institute, or to cause to be instituted, such proceedings was conferred upon the game protectors.

That in order to ascertain the sum, to one-half of which the game protector was entitled, the disbursements properly incurred must be first deducted from the amount collected; such disbursements being those only which were incurred in the actions in which the money to be divided was recovered.

That these questions were to be determined by the county treasurer and not by the district attorney, and that the relator was entitled to the certificate of the district attorney as to the actions, other than those commenced by indictment, in which the moneys in question had been recovered,

APPEAL from an order of the Erie Special Term, denying a motion for a peremptory *mandamus.*

*Moses Shire,* for the appellant.

*Edward W. Hatch,* respondent, in person.

SMITH, P. J.:

This proceeding was instituted to compel Edward W. Hatch, as district attorney of Erie county, to sign a certificate that certain fines and penalties mentioned in the relator's affidavit had been recovered in actions and proceedings brought, or caused to be brought, by the relator as a game and fish protector, under and in pursuance of section 1 of chapter 591 of the Laws of 1880, entitled "An act for the appointment of game and fish protectors," as amended by chapter 317 of the Laws of 1883.

It appears that the whole amount of such fines and penalties is $160, of which the sum of $110 was paid upon convictions under indictments for criminal violations of the game laws.

We are of the opinion that section 1 of the act referred to does not relate to criminal proceedings by indictment. The authority given thereby to game protectors, in respect to bringing "actions or proceedings," is the same, we think, as that conferred by then existing statutes upon private individuals, or which may hereafter be conferred upon private individuals by subsequent statutes for the protection of deer, game and fish. "Such actions," says section 1, "may be brought in the name of the people in the like cases, in the same courts and under the same circumstances as they might now or may hereafter be brought by any individual under or by virtue of any existing or hereafter enacted statutes for the protection of deer, game and fish, or any of them." Under the general game law of 1871 (chap. 721), any person might sue in his own name for all penalties given by that act, but he could not proceed by indictment nor cause it to be done. If we are right in this, the sums realized in proceedings by indictment are to be laid out of view.

In the next place, we think that, in order to ascertain the sum, to one-half of which the game protector is entitled, the disbursements properly incurred must first be deducted from the amount collected. Such disbursements are those only which were incurred in the actions in which the money to be divided was recovered.

But in our view neither of the questions above considered is conclusive upon the right of the game protector to the certificate of the district attorney sought by this proceeding. Whenever a fine or penalty is collected and paid over to the treasurer, as the fruit of an action or proceeding brought or caused to be brought by the game protector by virtue of the authority conferred on him by the act, he is entitled to the certificate of the district attorney, irrespective of the question whether any part of the proceeds of such action or proceeding remains in the treasurer's hands. That fact is for the treasurer to ascertain and determine when the certificate is presented to him. The statute contemplates that the fact will appear by the treasurer's books. All moneys received, except the district attorney's costs, and all fines collected are to be paid to the treasurer, and he is to pay all money necessary for wit-

nesses' fees and disbursements in the action, upon the requisition of the district attorney. So that the treasurer's books, if properly kept, will show the amount of the fund, if any, in his hands, to which the game protector is entitled.

For these reasons we think the relator is entitled to the certificate of the district attorney that the action in which the sum of fifty dollars was received, was brought or caused to be brought by him, it being undisputed that such was the fact. A writ of *mandamus* may issue to that effect, but without costs, as none are asked for.

Barker, Haight and Bradley, JJ., concurred.

Order reversed, and motion for *mandamus* granted, without costs.